IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Auto Body Express LLC, Travis Weathers, and Dr. Shawn Edwards, <br><br> Plaintiffs, <br><br> v. <br><br> Corporate ADR LLC and Andrew Flint, <br><br> Defendants. | C/A No. 8:20-cv-03349-DCC <br><br><br><br> **OPINION AND ORDER** |

This matter is before the Court on Defendants' Motion to Dismiss or Transfer Venue (ECF No. 8) and Plaintiffs' Motion to Stay Proceedings (ECF No. 9).

## **BACKGROUND**

Plaintiffs bring this diversity action based on their representation in a prior legal matter, *BASF Corp. v. Auto Body Express, LLC, et al.*, C/A No. 8:20-cv-01639-DCC, by Defendants. ECF No. 5. This representation was governed by a Retainer Agreement executed on June 8, 2020. ECF No. 5-2. Plaintiffs allege, inter alia, that the Retainer Agreement is invalid and unenforceable because Defendants engaged in the unauthorized practice of law.

On November 24, 2020, Defendants moved to (1) dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and (2) dismiss the action or transfer venue based on the Retainer Agreement's forum selection clause, which provides that jurisdiction "shall be set in Prince William County, Virginia." ECF No. 8. Shortly thereafter, on December 4, 2020, Plaintiffs moved to stay proceedings pending the outcome of the declaratory judgment action filed in the Supreme Court of South Carolina. ECF No. 9.

1

On December 7, 2020, the Court granted Plaintiffs' motion for an extension of time to respond to Defendants' Motion to Dismiss until ten days after the Court's ruling on the pending Motion to Stay.  ECF No. 11.

On April 22, 2021, upon review of the Motions, the Court directed Plaintiffs to submit a limited response to the Motion to Dismiss addressing only those arguments relating to the Retainer Agreement's forum selection clause.  ECF No. 18.  Plaintiffs submitted the ordered response, and Defendants filed a reply.  ECF Nos. 20, 21.

## APPLICABLE LAW

### Transfer/Dismissal Based on Forum Selection Clause

A valid forum selection clause may be enforced either through 28 U.S.C. § 1404(a), which permits transfer to another federal forum, or through the doctrine of *forum non conveniens*, which provides a mechanism for dismissal where the parties have selected a state or foreign forum and transfer is consequently unavailable.[1]  *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 60 (2013).

A forum selection clause may be characterized as either mandatory or permissive. A mandatory forum selection clause is one that "requires litigation to occur in a specified forum," while a permissive forum selection clause "permits litigation to occur in a specified forum but does not bar litigation elsewhere."  *BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018) (citation

---

[1] Defendants bring their motion pursuant 28 U.S.C. § 1404(a) and Federal Rule of Civil Procedure 12(b)(3).  ECF No. 8-1.  However, Rule 12(b)(3), which provides for dismissal when venue is "improper," is not the correct mechanism with which to enforce a forum selection clause.  *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 55 (2013).  Instead, where dismissal rather than transfer is warranted, the doctrine of *forum non conveniens* should be applied.  *Id*. at 60.

omitted). A mandatory forum selection clause creates a "presumption of enforceability" that is overcome only if enforcement would be "unreasonable." *Id*. (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). Where the clause is found to be permissive, however, the presumption in favor of enforceability disappears and the court proceeds with the usual analysis pursuant to § 1404(a) or the doctrine of *forum non conveniens*.[2] *Id*. at 472.

**Power to Stay Proceedings**

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In exercising its discretion, the court should consider and balance "the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Georgia Pacific Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citation omitted). The moving party bears the burden of demonstrating that the requested stay is warranted. *Clinton*, 520 U.S. at 708. This entails, generally, "justify[ing] it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

---

[2] Although the *BAE Systems Technology* court proceeded under *forum non conveniens* rather than § 1404(a) because a foreign forum had been selected, the court emphasized that both frameworks "must be modified in the same manner in the presence of a forum selection clause." 884 F.3d at 471 n.6. The undersigned therefore concludes that trial courts, when faced with a permissive forum selection clause that specifies a different federal forum, should proceed with the usual § 1404(a) analysis.

3

## **DISCUSSION**

*Motion to Dismiss or Transfer Venue*

The first question before the Court is whether the instant case must be transferred or dismissed pursuant to the applicable forum selection clause. The relevant clause of the parties' Retainer Agreement, found under the heading "Miscellaneous," reads as follows:

> Should legal action be brought to contest or enforce this Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs. This Agreement shall be governed by the laws of the Commonwealth of Virginia. Jurisdiction and [sic] shall be set in Prince William County, Virginia, and both parties submit to the personal jurisdiction of the Prince William County Courts.

ECF No. 5-1 at 3–4. Notably, as emphasized by Plaintiffs, the clause makes no reference to venue.

The general rule is that "where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *BAE Sys. Tech.*, 884 F.3d at 472 n.7 (quoting *Paper Express, Ltd. V. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992)). The word "shall" in conjunction with jurisdiction alone does not render a forum selection clause mandatory. *Id*. at 472. Rather, the clause's language must clearly exclude jurisdiction in any forum besides the one selected. *Id*. (citation omitted). This may be accomplished by the use of exclusive language such as "sole," "only," or "exclusive." *Id*.; *see also K & V Sci. Co. v. Bayerische Motoren Werke Atkiengesellschaft*, 314 F.3d 494, 500 (10th Cir.

4

2002). Because the Retainer Agreement in this case refers only to jurisdiction and does so in non-exclusive terms ("[j]urisdiction . . . shall be set in Prince William County, Virginia"), the Court finds that the forum selection clause is permissive rather than mandatory.[3]

Defendants argue, however, that the Court should read the word "venue" into the subject clause because its absence is an obvious clerical error. They submit that "jurisdiction and venue" is a standard term in forum selection clauses and that the absence of the word venue "would turn an otherwise standard term of an agreement into an ambiguous mismatch of words." ECF No. 21 at 5–6. Defendants therefore argue, though without citation to any legal authority, that the Court should include the word "venue" in its reading of the forum selection clause and find it mandatory.

The undersigned agrees that a clerical error of some kind was apparently made in the drafting of the Retainer Agreement. *See* ECF No. 5-1 at 3 ("Jurisdiction and shall be set . . . ."). However, it does not follow that the exact nature of that error is clear or that it involved the omission of the word "venue." On the contrary, it appears equally reasonable and likely that the drafter erred by including a stray, ungrammatical "and." Defendants' argument to the contrary notwithstanding, the case law is replete with forum selection

---

[3] Defendants argue that this Court should apply Virginia state law, not federal law, to determine whether the forum selection clause is mandatory or permissive. However, the cases they cite in support of this proposition uniformly apply federal common law as set forth above. *See, e.g., Docs Billing Sols., LLC v. GENETWORx LLC*, 2018 WL 4390786, at *3 (E.D. Va. Aug. 30, 2018) ("Courts consider forum selection clauses procedural, and thus federal law governs their enforcement in diversity cases."). Because the cited courts' approach is in accord with the binding precedent previously described, this Court declines to make any investigation into Virginia state law as it applies to the construction of forum selection clauses.

clauses that refer to jurisdiction and make no mention of venue.  *See BAE Sys. Tech.*, 884 F.3d at 470; *K & V Sci. Co.*, 314 F.3d at 499–500 (collecting cases).  Moreover, there is no record evidence to contradict this interpretation or to support Defendants' assertion that they intended to include the word "venue."  There is certainly no evidence to suggest that Plaintiffs understood the word "venue" to be implicitly included in the forum selection clause when they signed the Retainer Agreement.

Even assuming that the forum selection clause is ambiguous as written, there is no basis for transferring or dismissing the action because that ambiguity would be construed in Plaintiffs' favor.  *See Alliance Health Grp. LLC v. Bridging Health Options LLC*, 553 F.3d 397, 402 (5th Cir. 2008) ("[F]orum-selection clauses are interpreted *contra proferentem*: when presented with two reasonable, but conflicting, interpretations of a contract provision, we adopt the interpretation less favorable to the drafter.").  Defendants do not deny that they drafted their own Retainer Agreement and nothing suggests that Plaintiffs negotiated to alter its terms as to the forum selection clause.  Plaintiffs have demonstrated their preference for a South Carolina forum.  Consequently, the Court declines to insert the word "venue" into the Retainer Agreement and finds, as set forth above, that the forum selection clause is permissive.  Because Defendants have made no showing that venue in this District is otherwise improper or inconvenient, their Motion to dismiss this action based on the forum selection clause or to transfer venue[4] is denied.

---

[4] It is not entirely clear whether Defendants assert that a state forum or a federal one was selected by the forum selection clause at issue—and, consequently, whether *forum non conveniens* or § 1404(a) provides the operative analysis.  The general rule is that "[w]here the forum selection clause imposes a geographic limit, litigation is permitted in either a federal or state court within the specified geographic boundary."  *Ferri Contr.*

*Motion for Stay*

Having resolved the initial dispute over the forum selection clause, the Court moves on to the question of whether a stay is appropriate prior to ruling on the remainder of Defendants' Motion.

Plaintiffs request a stay pending the Supreme Court of South Carolina's judgment as to whether Defendants engaged in the unauthorized practice of law. *See In re Unauthorized Prac. of L. Rules Proposed by S.C. Bar*, 422 S.E.2d 123, 125 (S.C. 1992) (providing that interested individuals may bring a declaratory judgment action in the Court's original jurisdiction to determine whether a party's conduct involves the unauthorized practice of law). On March 9, 2021, Plaintiffs' petition for original jurisdiction was granted and a special referee appointed to make factual findings. ECF No. 16-1.

Defendants oppose a stay on the basis that (1) it is uncertain if or when the Supreme Court will issue a judgment, (2) Defendants would be prejudiced by a stay because of the late stage of proceedings, (3) judicial resources would be saved by denying the motion for a stay because Counts III–V of the Complaint are unrelated to Defendants' alleged unauthorized practice of law, and (4) Plaintiffs' hardship in the

---

*Co. v. Town of Masontown*, 2003 WL 22244905, at *1 (4th Cir. 2003). On the other hand, "[i]f the forum selection clause is stated in terms of sovereignty, it is more restrictive and requires that actions be filed in the courts of the state sovereign, *i.e.*, in the state court." *Id*. The Retainer Agreement's forum selection clause confers jurisdiction "in Prince William County, Virginia," which would appear to be a geographical limit, but also provides that the parties "submit to the personal jurisdiction of the Prince William County Courts," which suggests a sovereignty requirement. ECF No. 5-1 at 3–4. However, this Court need not resolve the question because, as explained above, the clause at issue is permissive and Defendants present no other arguments in support of transfer or dismissal.

7

absence of a stay is of their own making because they failed to adequately plead their claims in the first instance. ECF No. 12.

The Court first notes that because Plaintiffs' petition for original jurisdiction has been granted, there is no longer any uncertainty about whether the Supreme Court of South Carolina will hear the case. The Court recognizes the potential prejudice to Defendants in the uncertainty of *when* a decision will issue. However, Defendants apparently acknowledge that whether or not they engaged in the unauthorized practice of law is relevant to at least two of Plaintiffs' claims. The undersigned must balance the potential prejudice to Defendants in staying the case against the need to conserve and economize judicial resources. *Georgia Pacific Corp.*, 562 F.2d at 296.

No meaningful purpose will be served by this Court's expending resources to reach a determination that may run counter to the Supreme Court of South Carolina's pending declaratory judgment. *See Linder v. Ins. Claims Consultants, Inc.*, 560 S.E.2d 612, 622 (S.C. 2002) (state circuit court stayed action pending the Supreme Court of South Carolina's decision about whether the defendants engaged in the unauthorized practice of law). Therefore, upon consideration of Defendants' arguments and all relevant factors, the Court finds that a stay of proceedings is warranted.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss or Transfer Venue [8] is **DENIED IN PART**. Plaintiffs' Motion to Stay Proceedings [9] is **GRANTED**, and the Court **RESERVES RULING** on the remainder of Defendants' Motion to Dismiss until such

time as the Supreme Court of South Carolina issues a decision in Plaintiffs' pending declaratory judgment action.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

June 4, 2021
Spartanburg, South Carolina